# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2013AP1769-D & 2014XX817-BA |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Jordan E. Gall, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>      Complainant,<br>   v.<br>Jordan E. Gall,<br>      Respondent.<br><br>In the Matter of the Conditional Admission of J.E.G.:<br><br>Board of Bar Examiners,<br>      Complainant,<br>   v.<br>J. E. G.,<br>      Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST GALL

| | |
|---|---|
| OPINION FILED: | July 9, 2015 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

**2015 WI 71**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2013AP1769-D
No. 2014XX817-BA

STATE OF WISCONSIN        :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Jordan E. Gall, Attorney at Law:**

**Office of Lawyer Regulation,**

       **Complainant,**

    **v.**

**Jordan E. Gall,**

       **Respondent.**

**In the Matter of the Conditional Admission of J.E.G.:**

**Board of Bar Examiners,**

       **Complainant,**

    **v.**

**J. E. G.,**

       **Respondent.**

**FILED**

**JUL 9, 2015**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded and motion denied.*

¶1 PER CURIAM. In this reciprocal discipline matter, we consider whether we should publicly reprimand Attorney Jordan E. Gall as discipline reciprocal to that imposed by the Supreme Court of Minnesota. We also address a motion filed by the Board of Bar Examiners (BBE) asking this court to issue an order directing Attorney Gall to show cause why his license to practice law in Wisconsin should not be suspended for his alleged willful failure to comply with the conditions set forth in the Consent Agreement for Conditional Admission dated August 29, 2011, and a motion to seal all filings related to the conditional admission motion.

¶2 After reviewing these matters, and in light of Attorney Gall's failure to respond to our order to show cause, we conclude that Attorney Gall should be publicly reprimanded in this state for the misconduct that has already resulted in a public reprimand in Minnesota. We further conclude, however, in light of the manner in which the Supreme Court of Minnesota addressed Attorney Gall's disciplinary case, that there is no need to issue an order to show cause to Attorney Gall regarding his conditional admission in this state. We therefore deny the BBE's motion requesting such an order. We also deny the BBE's motion to seal all filings regarding the conditional admission, determining that the interweaving of the disciplinary matter and the conditional admission matter require public disclosure of the fact of Attorney Gall's conditional admission to the practice of law in this state.

¶3	Attorney Gall was admitted to the practice of law in this state in September 2011.  In March 2011 Attorney Gall had been conditionally admitted to the practice of law in Minnesota.  At the time of the Minnesota public reprimand, the Minnesota disciplinary documents indicate that he was practicing law in Plymouth, Minnesota.  The most recent address that Attorney Gall has provided to the State Bar of Wisconsin is a law firm in Minneapolis.

¶4	Attorney Gall has not previously been the subject of professional discipline in Wisconsin.  His license to practice law in this state, however, is currently subject to administrative suspensions for failure to pay bar dues and assessments, for noncompliance with his obligation to report his attendance at continuing legal education, and for failure to file an annual trust account certification.

¶5	In the disciplinary proceeding, the Office of Lawyer Regulation (OLR) filed a complaint, an order to answer, and a motion requesting that this court issue an order directing Attorney Gall to inform the court in writing of any claim, predicated upon the grounds set forth in Supreme Court Rule (SCR) 22.22(3),[1] that the imposition of discipline identical to

---

[1] SCR 22.22(3) provides as follows:

> The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(continued)

that previously imposed in Minnesota would be unwarranted, and of the factual basis for any such claim. The OLR was unable to serve a copy of the complaint and order to answer personally on Attorney Gall. Ultimately, it accomplished service on Attorney Gall by sending by certified mail an authenticated copy of the complaint and order to answer to the most recent address that Attorney Gall had provided to the State Bar of Wisconsin, pursuant to SCR 22.13(1). The court then granted the OLR's motion and issued the requested order to show cause. Attorney Gall did not respond to the order to show cause. He also has not filed an answer or other response to the OLR's complaint.

¶6 The facts set forth below are taken from both the OLR's complaint and the BBE's motion. Attorney Gall has not disputed the facts set forth in either the complaint or the motion.

¶7 The OLR's complaint alleges that on May 16, 2013, the Supreme Court of Minnesota publicly reprimanded Attorney Gall. The OLR attached copies of the Minnesota order, the petition for

---

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

4

disciplinary action, and Attorney Gall's stipulation, in which he unconditionally admitted the allegations of the petition for disciplinary action and agreed to request the imposition of a public reprimand.

¶8   The facts underlying Attorney Gall's public reprimand involved his failure to comply with the Consent Agreement for Conditional Admission to the practice of law in Minnesota (the Minnesota Agreement) and his false statements to the Minnesota lawyer regulatory authorities.

¶9   Specifically, the Minnesota Agreement, which Attorney Gall executed with the Minnesota Board of Law Examiners (MBLE) in March 2011, contained a requirement that Attorney Gall comply with the conditions of probation imposed in November 2010 as a result of a conviction for Fourth Degree Driving While Intoxicated.  One of those conditions was a requirement that for a period of two years Attorney Gall would have no driver's license violations.  The Minnesota Agreement also required Attorney Gall to submit quarterly reports detailing his compliance with all of the terms and conditions of that agreement, as well as to submit narrative statements detailing the steps he was taking to support his decision to abstain from alcohol.  The Minnesota Complaint provided that it would be in effect for a period of two years (until March 2013).  The agreement also stated, however, that if a complaint was filed with the Minnesota Office of Lawyers Professional Responsibility during the term of the agreement, then the period of conditional

5

admission would be extended until the disposition of that complaint.  Once Attorney Gall signed the Minnesota Agreement, he was admitted to the practice of law in that state.

¶10  The BBE's motion alleges that Attorney Gall signed a similar Consent Agreement for Conditional Admission (the Wisconsin Agreement) in August 2011.  The Wisconsin Agreement provided that its duration would be coterminous with the Minnesota Agreement, but that the period of conditional admission in this state could be extended under SCR 40.075(6) and (8).  In addition to requiring Attorney Gall to obey all laws and rules governing the active practice of law, the Wisconsin Agreement also mandated that Attorney Gall comply with all of the terms and conditions of the Minnesota Agreement.

¶11 Contrary to Attorney Gall's probation and his conditional admission agreements in both states, he was cited for 11 traffic violations in the period from June 2011 to September 2012.  Among those traffic violations were two instances of failing to obey a traffic sign, three speeding citations, one instance of illegal or improper passing, and three occasions on which Attorney Gall was found to be driving after the suspension of his driver's license.  He failed to report any of these infractions to the MBLE, which constituted a violation of his conditional admission consent agreements.  In addition, Attorney Gall also violated the Minnesota Agreement and applicable ethics rules by submitting multiple quarterly

6

reports falsely stating that he had abided by all laws and was in compliance with the conditions of his criminal probation.

¶12  On the basis of the stipulation of facts executed by Attorney Gall, the Supreme Court of Minnesota issued an order publicly reprimanding him and placing him on disciplinary probation for a period of two years with a number of conditions. In re Disciplinary Action Against Gall, 830 N.W.2d 441 (Minn. 2013).   Those conditions included maintaining complete abstinence from alcohol and other non-prescription, mood-altering chemicals, submitting to random urinalysis screenings, and abiding by all laws.   The Supreme Court of Minnesota's order, however, did not contain any provisions regarding the extension of the Minnesota Agreement or regarding the authority of the MBLE to extend the agreement, which would have expired, according to its terms, at the conclusion of the Minnesota disciplinary proceeding.

¶13  Under  SCR 22.22(3),  this  court  shall  impose  the identical discipline imposed by the other jurisdiction unless one or more of three exceptions are present.   The first two exceptions involve situations where the disciplinary proceeding in the other jurisdiction deprived the respondent attorney of due process or suffered from a lack of proof.   SCR 22.22(3)(a)-(b).   The third exception to the imposition of reciprocal discipline applies where the misconduct justifies substantially different discipline in Wisconsin.   SCR 22.22(3)(c).

7

¶14 Attorney Gall has not responded to our order to show cause and argued that one or more of these three exceptions are applicable to his case.  Our own review of the matter does not indicate that any exception applies to this matter.

¶15 Accordingly, we will publicly reprimand Attorney Gall as discipline reciprocal to that imposed by the Supreme Court of Minnesota.  Although that court also imposed a two-year period of probation in its disciplinary order, we do not impose a similar period of probation.  Probation is not one of the forms of discipline that this court generally imposes.  Where another jurisdiction has imposed a period of probation in a reciprocal discipline context, we have replicated the effect of such probation by ordering the respondent attorney to comply with the probationary order entered in the other jurisdiction.  See, e.g., In re Disciplinary Proceedings Against Moree, 2004 WI 118, 275 Wis. 2d 279, 281, 684 N.W.2d 667 (published order).  We will follow that practice here.

¶16 We now turn to the BBE's motion.  The BBE learned of Attorney Gall's Minnesota public reprimand and two-year disciplinary probation within a few days after the Minnesota disciplinary order had been issued in May 2013.  The BBE conducted an annual review of Attorney Gall's conditional

8

admission to the practice of law in Wisconsin in October 2013.[2] It voted at that time to extend the Wisconsin Agreement for two more years.[3]

¶17 Following the BBE's vote, the BBE's executive director wrote to Attorney Gall to inform him of the BBE's action and to request that he either sign an amended Wisconsin Agreement or advise that he did not wish to do so. Attorney Gall did not respond. He also did not respond after two subsequent communications requesting execution of the amended agreement.

¶18 The BBE ultimately voted to find Attorney Gall to be non-compliant with the Wisconsin Agreement and voted to revoke that agreement. Following one last communication warning Attorney Gall that the BBE would seek the suspension of his license to practice law in Wisconsin, to which Attorney Gall still did not respond, the BBE filed its motion asking for an

---

[2] It is not clear whether the Wisconsin Agreement was still in effect at this time. It appears from the filings of the OLR and the BBE that the Minnesota Agreement, pursuant to its terms, would have expired, at the latest, at the conclusion of the Minnesota disciplinary proceeding in May 2013. Since the terms of the Wisconsin Agreement provided that its duration was coterminous with the Minnesota Agreement, it is unclear whether the Wisconsin Agreement would have remained in effect beyond May 2013.

[3] It is also unclear from the BBE's filings whether this extension was to be measured from March 2013 (when the Minnesota Agreement was initially to have expired), from May 2013 (when the Minnesota Agreement would have expired upon completion of the Minnesota disciplinary proceeding), or from October 2013 (when the BBE voted for the extension).

order to show cause, and ultimately the suspension of Attorney Gall's license to practice law in Wisconsin.

¶19 We conclude that the BBE's motion should be denied. According to the materials submitted to this court regarding the response of the Supreme Court of Minnesota and its applicable agencies to Attorney Gall's misconduct, it appears that Minnesota addressed the misconduct solely through the means of the public reprimand and the disciplinary probation imposed by the Supreme Court of Minnesota. There is no indication that Attorney Gall was required to sign a new or amended Minnesota Agreement or that his conditional admission was extended. Moreover, the BBE has not demonstrated that the Minnesota Agreement remained in effect beyond the completion of the Minnesota disciplinary proceeding in May 2013. It also has not shown why the Wisconsin Agreement would have remained in effect beyond the effective term of the Minnesota Agreement. In any event, we conclude that the matter of Attorney Gall's misconduct was sufficiently addressed by the Minnesota public reprimand and disciplinary probation, which is being imposed in this state via the reciprocal discipline procedure.

¶20 IT IS ORDERED that Jordan E. Gall is publicly reprimanded for his professional misconduct as reciprocal discipline to that imposed by the Supreme Court of Minnesota. Jordan E. Gall's license to practice law in Wisconsin remains administratively suspended.

10

¶21 IT IS FURTHER ORDERED that Jordan E. Gall shall comply with the terms and conditions of the disciplinary probation set forth in the May 16, 2013 order of the Supreme Court of Minnesota and any subsequent orders. In re Disciplinary Action Against Gall, 830 N.W.2d 441, 441-42 (Minn. 2013).

¶22 IT IS FURTHER ORDERED that the director of the Office of Lawyer Regulation shall advise the court if there has not been full compliance with all conditions of this order.

¶23 IT IS FURTHER ORDERED that in In re Conditional Admission of J.E.G., No. 2014XX817-BA, the motion of the Board of Bar Examiners for the issuance of an order to show cause is denied.

11

¶24 ANN WALSH BRADLEY, J. *(concurring in part, dissenting in part).* I agree with the imposition of a public reprimand as reciprocal discipline to that imposed by the Supreme Court of Minnesota. However, for the protection of the public, more is needed.

¶25 In addition to the public reprimand, I would grant the motion of the Board of Bar Examiners for the issuance of an order to show cause why the license of Attorney Jordan E. Gall to practice law in Wisconsin should not be suspended for his alleged willful failure to comply with the conditions set forth in the Consent Agreement for Conditional Admission dated August 29, 2011.

¶26 I am authorized to state that Justice SHIRLEY S. ABRAHAMSON joins this concurrence/dissent.